MAYNARD N. CLEMENT, as State Commissioner of Excise of the State of New York, Plaintiff, *v.* CERTAIN INTOXICATING LIQUORS (THOMAS E. HARDEN Answering), Defendant.

(County Court, Steuben County, January, 1909.)

Intoxicating liquors — Seizure and forfeiture of liquors — Costs.

In a proceeding instituted by the State Commissioner of Excise under section 31c of the Liquor Tax Law for the seizure and forfeiture of liquors kept for unlawful traffic, the defendant, though succeeding on the trial of the issues therein, cannot recover costs.

MOTION for costs under section 31c of the Liquor Tax Law of the State of New York, entitled "Search for seizure and forfeiture of liquors kept for unlawful traffic."

Walter H. Knapp and W. P. Borden, for plaintiff, State Commissioner of Excise.

Monroe Wheeler and James A. Parsons, for Thomas E. Harden, answering defendant.

BURRELL, J.   This case was tried at the Trial Term of the County Court on issue duly joined as provided by section 31c of the Liquor Tax Law of the State of New York, relating to the seizure of certain liquors, as amended by the Laws of 1908.   Certain liquors were seized, and the defendant Harden, who was the owner of the liquors, filed his verified answer, and the issues were tried before a jury on December 1, 1908, and the jury rendered a verdict in favor of the defendant.

This motion is now made on behalf of the answering defendant, under section 3230 of the Code of Civil Procedure, claiming that in a proceeding of this kind costs can be awarded in the discretion of the court.

The Liquor Tax Law, in so far as it relates to the search and seizure of liquors and the procedure thereon, is silent on the question of costs to either party.   It seems to me that, if it had been the intention of the Legislature to allow costs in these proceedings, some provision would have been made in the law for it; there being no such provision, I am of the opinion that neither party is entitled to recover costs.

"The right to costs and the liability therefor depend upon the provisions of the statute under which such a proceeding is brought."   23 Cyc. 291.

The statute provides that any person may begin these proceedings, and that, upon the joining of issue, the State Commissioner of Excise shall become the plaintiff in the action for the trial of the same.   It seems to me that, if the Legislature intended that any costs should be granted, it would not have provided that the State Commissioner should become a party and thus risk the State's funds in the trial

of actions of which the State Commissioner knew nothing until he was involuntarily made a party.

These proceedings partake of the nature of search warrant proceedings instituted under the Code of Criminal Procedure, up to the time of joining the issue; and after that they are governed by the rules of a civil action.

After a careful reading of the statute, I am satisfied that the intent of the Legislature was to allow no costs in proceedings under this section.

The motion should be denied.

Motion denied.